### ST. LOUIS—S. F. R. CO. v. MOODY.

No. 10329—Opinion Filed Feb. 7, 1922.

(Syllabus.)

**Appeal and Error—Failure to File Brief—Reversal.**

Where the defendants in error fail to file a brief, and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears reasonably to sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by T. J. Moody against the St. Louis-San Francisco Railway Company for damages in shipment of goods. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. F. Evans, Kleinschmidt & Grant, and W. T. Stratton, for plaintiff in error.

S. B. Garrett, for defendant in error.

ELTING, J. T. J. Moody, plaintiff below, defendant in error herein, commenced this action against defendant below, plaintiff in error herein, the St. Louis-San Francisco Railway Company, in the district court of Jackson county, Okla., on the 31st day of January, 1918, for the recovery of $408 damages alleged to have been sustained by reason of delay in shipment of household goods and farming implements and damage to the goods by reason of negligent handling of said shipment.

The issues were joined upon the petition, answer, and reply, and on the 8th day of May, 1918, a jury being waived by both parties, a trial was had to the court. The court, after hearing the evidence, entered judgment in favor of the plaintiff and against the defendant in the sum of $219; $169 being damage to household goods and farming implements; $25 expenses necessarily incurred while waiting; $25 for loss of time in being deprived of use of tools and implements for plowing.

Defendant below, plaintiff in error herein, filed a motion for a new trial, the same was overruled, and the railroad company has appealed this cause to this court.

The railroad company charges two errors committed by the trial court: First, that the contract for shipment contained an agreed valuation clause of the property described to be $10 per hundred-weight valuation, and that by reason of the shipper agreeing to this $10 per hundred-weight valuation, he secured a lower freight rate; contending that this provision was binding upon the shipper, and that the trial court in his finding ignored this binding provision of the contract. Second, that the recovery of the $50 for delay in shipment is a recovery of special damage, and, no proof of notice to the railroad company of the special circumstances existing as a basis for said damage being given, that the plaintiff was not entitled to recover thereon, and that the trial court committed error in allowing same.

The plaintiff in error has filed a brief in support of its petition in error. The defendant in error has filed no brief in answer thereto, and offers no excuse for such failure, under which circumstances the well-known rule of this court established in innumerable cases applies, and being as follows:

"Where the defendants in error fail to file a brief, and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the

court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears reasonably to sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error."

We have examined the brief of the plaintiff in error, and such brief seems reasonably to sustain its assignments of error, and under the above rule stated, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained.

We will, therefore, reverse the judgment and remand the cause for a new trial.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, and NICHOLSON, JJ., concur.